## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Lieutenant Medaria Arradondo, Lieutenant
Donald Harris, Sergeant Charles Adams,
Sergeant Dennis Hamilton, and Lieutenant
Lee Edwards,

                        Plaintiffs,

vs.

City of Minneapolis, the Minneapolis
Police Department, and Timothy Dolan,
an, individual,

                        Defendants.

Court File No.:  07-CV-4736


**DEFENDANTS' JOINT
ANSWER TO PLAINTIFFS'
AMENDED COMPLAINT**


**JURY TRIAL DEMANDED**

---

Defendants, City of Minneapolis, the Minneapolis Police Department, and Timothy Dolan for their Joint Answer to Plaintiffs' Amended Complaint state and allege as follows:

Except as admitted or otherwise pleaded, Defendants deny each and every allegation, matter and thing in Plaintiffs' Complaint and put Plaintiffs to their strict proof thereof.

1.      As to the allegations of paragraph 1 of the Amended Complaint, Defendants state that the paragraph is not susceptible of responsive pleading, but admit that Plaintiffs purport to bring actions under the cited statutes and further state that this Court lacks jurisdiction over the unasserted claim under Title VII.

2.      As to the allegations of paragraph 2 of the Amended Complaint, Defendants admit that the cited statutes convey jurisdiction of this matter to this Court.

3.      Upon information and belief Defendants admit the allegations of paragraph 3 of the Amended Complaint.

4.      Upon information and belief Defendants admit the allegations of paragraph 4 of the Amended Complaint.

5.      Upon information and belief Defendants admit the allegations of paragraph 5 of the Amended Complaint.

6.      Upon information and belief Defendants admit the allegations of paragraph 6 of the Amended Complaint.

7.      Upon information and belief Defendants admit the allegations of paragraph 7 of the Amended Complaint.

8.      Defendants admit the allegations of paragraph 8 of the Amended Complaint.

9.      Defendants admit the allegations of paragraph 9 of the Amended Complaint.

10.     Defendants deny the allegations of paragraph 10 of the Amended Complaint.

11.     Defendants deny the allegations of paragraph 11 of the Amended Complaint.

12.     Defendants deny the allegations of paragraph 12 of the Amended Complaint.

13.     Defendants deny the allegations of paragraph 13 of the Amended Complaint.

14.     As to the allegations of paragraph 14 of the Amended Complaint, Defendants admit that a hate letter was sent through interoffice mail, but are without knowledge or information sufficient to form a belief as to the remaining allegations of the paragraph.

15.     As to the allegations of paragraph 15 of the Amended Complaint, Defendants admit that Lieutenant Robert Kroll made statements during a training session, are without knowledge or information sufficient to form a belief as to whether Kroll wears a motorcycle jacket with a "white power" badge sewn onto it, and deny the remaining allegations in paragraph 15 of the Amended Complaint.

16.     As to the allegations of paragraph 16 of the Amended Complaint, Defendants admit that allegations were made during Chief Dolan's confirmation process about conduct when he was a teenager, but deny the remaining allegations of the paragraph.

17.     Defendants deny the allegations of paragraph 17 of the Amended Complaint.

18.     Defendants deny the allegations of paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations of paragraph 19 of the Amended Complaint.

20.     As to the allegations of paragraph 20 of the Amended Complaint, Defendants admit that Deputy Chief Valerie Wurster is an African American, and admit that she is presently the only African American officer in an appointed position, but deny

the implication of paragraph that the appointment decisions have been racially motivated and deny the remaining allegations of the paragraph.

21.     As to the allegations of paragraph 21 of the Amended Complaint, Defendants admit that as of November 1, 2007, there was only one African American in the Minneapolis Police Department holding a rank above lieutenant, but deny the remaining allegations of the paragraph.

22.     Defendants admit the allegations of paragraph 22 of the Amended Complaint.

23.     Defendants admit the allegations of paragraph 23 of the Amended Complaint.

24.     As to the allegations of paragraph 24 of the Amended Complaint, Defendants admit that at the time of this Answer there are no African American males holding the position of Captain, Inspector or higher in the Minneapolis Police Department and that Chief Dolan has removed some Plaintiffs from appointed positions. Defendants deny the remaining allegations of the paragraph.

25.     Defendants deny the allegations of paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations of paragraph 26 of the Amended Complaint.

27.     Defendants deny the allegations of paragraph 27 of the Amended Complaint.

28.     Defendants deny the allegations of paragraph 28 of the Amended Complaint.

29.     As to the allegations of paragraph 29 of the Amended Complaint, Defendants admit that they utilized Dr. Gary Fischler and Dr. Campion for psychological screening and evaluation of applicants and employees, but deny the remaining allegations of the paragraph.

30.     Defendants deny the allegations of paragraph 30 of the Amended Complaint.

31.     Defendants deny the allegations of paragraph 31 of the Amended Complaint.

32.     Defendants deny the allegations of paragraph 32 of the Amended Complaint.

33.     Defendants deny the allegations of paragraph 33 of the Amended Complaint.

34.     Defendants deny the allegations of paragraph 34 of the Amended Complaint.

35.     Defendants deny the allegations of paragraph 35 of the Amended Complaint.

36.     Defendants admit the allegations of paragraph 36 of the Amended Complaint.

37.     As to the allegations of paragraph 37 of the Amended Complaint, Defendants admit the factual allegations, but deny the implication that discrimination has occurred.

38.     Defendants deny the allegations of paragraph 38 of the Amended Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Amended Complaint.

40.     Defendants deny the allegations of paragraph 40 of the Amended Complaint.

41.     Defendants deny the allegations of paragraph 41 of the Amended Complaint.

42.     As to the allegations of paragraph 42, Defendants admit the allegations except to state that there is no civil service rank than equates to the appointed positions.

43.     As to the allegations of paragraph 43 of the Amended Complaint, Defendants admit that Plaintiff Harris and Plaintiff Edwards were removed as described in the paragraph, but deny the remaining allegations of the paragraph.

44.     As to the allegations of paragraph 44 of the Amended Complaint, Defendants admit that Lieutenant Mike Sauro was named Acting Inspector, but deny the remaining allegations of the paragraph.

45.     As to the allegations of paragraph 45 of the Amended Complaint, Defendants admit that Captain Mike Martin was named Inspector of the 4th Precinct, but deny the remaining allegations of the paragraph.

46.     Defendants deny the allegations of paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations of paragraph 47 of the Amended Complaint.

48.     Defendants deny the allegations of paragraph 48 of the Amended Complaint.

49.     Defendants deny the allegations of paragraph 49 of the Amended Complaint.

50.     Defendants deny the allegations of paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations of paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations of paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations of paragraph 53 of the Amended Complaint.

54.     As to the allegations of paragraph 54 of the Amended Complaint, Defendants admit that Lora Hanks was appointed Cadre Officer, but deny the remaining allegations of the paragraph.

55.     Defendants deny the allegations of paragraph 55 of the Amended Complaint.

56.     Defendants deny the allegations of paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations of paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations of paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations of paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations of paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations of paragraph 61 of the Amended Complaint.

62.     Defendants deny the allegations of paragraph 62 of the Amended Complaint.

63.     Defendants deny the allegations of paragraph 63 of the Amended Complaint.

64.     Defendants deny the allegations of paragraph 64 of the Amended Complaint.

65.     Defendants deny the allegations of paragraph 65 of the Amended Complaint.

66.     Defendants deny the allegations of paragraph 66 of the Amended Complaint.

67.    Defendants deny the allegations of paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations of paragraph 68 of the Amended Complaint.

69.    Defendants admit the allegations of paragraph 69 of the Amended Complaint.

70.    Defendants deny the allegations of paragraph 70 of the Amended Complaint.

71.    Defendants deny the allegations of paragraph 71 of the Amended Complaint.

72.    Defendants deny the allegations of paragraph 72 of the Amended Complaint.

73.    Defendants deny the allegations of paragraph 73 of the Amended Complaint.

74.    Defendants deny the allegations of paragraph 74 of the Amended Complaint.

75.    Defendants deny the allegations of paragraph 75 of the Amended Complaint.

76.    Defendants deny the allegations of paragraph 76 of the Amended Complaint.

77.    As to the allegations of paragraph 77 of the Amended Complaint, Defendants admit that the City entered into a mediation agreement and state that the

agreement and basis therefore speak for themselves.  To the extent that paragraph 77 implies discrimination or misconduct on the part of Defendants it is denied.

78.    As to the allegations of paragraph 78 of the Amended Complaint, Defendants state that the Memorandum of Agreement speaks for itself.  To the extent that paragraph 78 implies actionable misconduct on the part of Defendants it is denied.

79.    As to the allegations of paragraph 79 of the Amended Complaint, Defendants state that the Memorandum of Agreement speaks for itself.  To the extent that paragraph 79 implies actionable misconduct on the part of Defendants it is denied.

80.    As to the allegations of paragraph 80 of the Amended Complaint, Defendants state that the Memorandum of Agreement speaks for itself.  To the extent that paragraph 80 implies actionable misconduct on the part of Defendants it is denied.

81.    As to the allegations of paragraph 81 of the Amended Complaint, Defendants state that the Memorandum of Agreement speaks for itself.  To the extent that paragraph 81 implies actionable misconduct on the part of Defendants it is denied.

82.    Defendants deny the allegations of paragraph 82 of the Amended Complaint.

83.    Defendants deny the allegations of paragraph 83 of the Amended Complaint.

84.    Defendants admit the allegations of paragraph 84 of the Amended Complaint.

85.    Defendants admit the allegations of paragraph 85 of the Amended Complaint.

86.     As to the allegations of paragraph 86 of the Amended Complaint, Defendants admit that each Plaintiff has received commendations by the Police Department, but are without knowledge or information sufficient to form a belief as to commendations by the communities served by Plaintiffs.

87.     Defendants deny the allegations of paragraph 87 of the Amended Complaint.

88.     Defendants deny the allegations of paragraph 88 of the Amended Complaint.

89.     As to the allegations of paragraph 89 of the Amended Complaint, Defendants admit that Plaintiff Arradondo first became employed by Defendant City of Minneapolis as a sworn officer in 1989 and that he has received satisfactory or better performance reviews.

90.     Defendants deny the allegations of paragraph 90 of the Amended Complaint.

91.     As to the allegations of paragraph 91 of the Amended Complaint, Defendants admit that Plaintiff Arradondo has not been appointed Inspector or Deputy Chief or detailed to a position as Captain, but deny the implication of the paragraph that Defendants discriminated against him based on race.

92.     As to the allegations of paragraph 92 of the Amended Complaint, Defendants admit that the current detailed Captains are all white, but deny the remaining allegations of the paragraph.

93.     As to the allegations of paragraph 93 of the Amended Complaint, Defendants admit that Plaintiff Arradondo has attended the FBI Academy and served in a roll as Acting Inspector, but deny the remaining allegations of the paragraph.

94.     As to the allegations of paragraph 94 of the Amended Complaint, Defendants admit that Plaintiff Arradondo has held the positions described in the Amended Complaint, but deny the implication of the paragraph that Plaintiff Arradondo has been discriminated against and deny the remaining allegations of the paragraph.

95.     As to the allegations of paragraph 95 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore deny the same and put Plaintiff to his strict proof thereof.

96.     As to the allegations of paragraph 96 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore deny the same and put Plaintiff to his strict proof thereof.

97.     Defendants deny the allegations of paragraph 97 of the Amended Complaint.

98.     As to the allegations of paragraph 98 of the Amended Complaint, Defendants admit that Plaintiff Arradondo filed a civil rights charge against Defendants, but deny the remaining allegations of the paragraph.

99.     Defendants deny the allegations of paragraph 99 of the Amended Complaint.

100.   As to the allegations of paragraph 100 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore deny the same and put Plaintiff to his strict proof thereof.

101.   As to the allegations of paragraph 101 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore deny the same and put Plaintiff to his strict proof thereof.

102.   As to the allegations of paragraph 102 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore deny the same and put Plaintiff to his strict proof thereof.

103.   As to the allegations of paragraph 103 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the allegations contained therein and therefore deny the same and put Plaintiff to his strict proof thereof.

104.   As to the allegations of paragraph 104 of the Amended Complaint, Defendants admit that Plaintiff Arradondo and other African American officers met with Michael Jordan about concerns about discrimination in the Police Department, but deny the remaining allegations of the paragraph.

105.   Defendants deny the allegations of paragraph 105 of the Amended Complaint.

106.   As to the allegations of paragraph 106 of the Amended Complaint, Defendants admit that Plaintiff Harris first became employed by the City of Minneapolis as a sworn police officer in 1987 and that his performance appraisals have been satisfactory or better.

107.   Defendants deny the allegations of paragraph 107 of the Amended Complaint.

108.   Defendants deny the allegations of paragraph 108 of the Amended Complaint.

109.   As to the allegations of paragraph 109 of the Amended Complaint, Defendants admit that Plaintiff Edwards was temporarily replaced as 4th Precinct Inspector by Lieutenant Mike Sauro who is white, but deny the implication of the paragraph that Defendants discriminated against any Plaintiff in this regard.

110.   As to the allegations of paragraph 110 of the Amended Complaint, Defendants admit that all current detailed Captains are white and have never served as Inspector or Deputy Chief, and that Plaintiff Harris has served in both positions, but deny the implication of the paragraph that Defendants have discriminated against any Plaintiff in this regard.

111.   As to the allegations of paragraph 111 of the Amended Complaint, Defendants admit that all current detailed Captains are white and have never served as Inspector or Deputy Chief, and that Plaintiff Harris has served in both positions, but deny the implication of the paragraph that Defendants have discriminated against any Plaintiff in this regard.

112.   As to the allegations of paragraph 112 of the Amended Complaint, Defendants admit that Plaintiff Harris held the positions described in the paragraph, but deny the implication of the paragraph that Defendants discriminated against Plaintiff Harris in this regard.

113.   Defendants deny the allegations of paragraph 113 of the Amended Complaint.

114.   Defendants deny the allegations of paragraph 114 of the Amended Complaint.

115.   As to the allegations of paragraph 115 of the Amended Complaint, Defendants admit that Plaintiff Harris and other African American officers met with Michael Jordan about concerns about discrimination in the Police Department, but deny the remaining allegations of the paragraph.

116.   Defendants deny the allegations of paragraph 116 of the Amended Complaint.

117.   As to the allegations of paragraph 117 of the Amended Complaint, Defendants admit that Plaintiff Adams first became employed by the City of Minneapolis as a sworn police officer in 1987 and that his performance appraisals have been satisfactory or better.

118.   As to the allegations of paragraph 118 of the Amended Complaint, upon information and belief Defendants admit that Plaintiff Adams serves as the President of the Black Police Officers Association and has taken positions on behalf of that association.

119.    Defendants deny the allegations of paragraph 119 of the Amended Complaint.

120.    Defendants deny the allegations of paragraph 120 of the Amended Complaint.

121.    Defendants deny the allegations of paragraph 121 of the Amended Complaint.

122.    Defendants deny the allegations of paragraph 122 of the Amended Complaint.

123.    As to the allegations of paragraph 123 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to when or how Plaintiff Adams was informed of overtime opportunities and deny the remaining allegations of the paragraph.

124.    Defendants deny the allegations of paragraph 124 of the Amended Complaint.

125.    As to the allegations of paragraph 125 of the Amended Complaint, Defendants admit that Plaintiff Adams was transferred from the Homicide Unit, but deny the remaining allegations of the paragraph.

126.    As to the allegations of paragraph 126 of the Amended Complaint, Defendants admit that Plaintiff Adams was counseled relating to details of a rape case but deny the remaining allegations of the Amended Complaint.

127.   As to the allegations of paragraph 127 of the Amended Complaint, Defendant admits that Plaintiff Adams' brother and son both serve as sworn officers of the Minneapolis Police Department, but deny the remaining allegations of the paragraph.

128.   Defendants deny the allegations of paragraph 128 of the Amended Complaint.

129.   Defendants deny the allegations of paragraph 129 of the Amended Complaint.

130.   As to the allegations of paragraph 130 of the Amended Complaint, Defendants admit that Plaintiff Adams and other African American officers met with Michael Jordan about concerns about discrimination in the Police Department, but deny the remaining allegations of the paragraph.

131.   Defendants deny the allegations of paragraph 131 of the Amended Complaint.

132.   As to the allegations of paragraph 132 of the Amended Complaint, Defendants admit that Plaintiff Hamilton first became employed by Defendant City of Minneapolis as a sworn police officer in 1989 and that he had an off-duty incident involving alcohol in May 2007.   Defendants deny the remaining allegations of the paragraph.

133.   Defendants deny the allegations of paragraph 133 of the Amended Complaint.

134.   Defendants deny the allegations of paragraph 134 of the Amended Complaint.

135.   As to the allegations of paragraph 135 of the Amended Complaint, Defendants admit that a detail position is a career enhancement opportunity to gain experience and knowledge of a position, but deny the remaining allegations of the paragraph.

136.   As to the allegations of paragraph 136 of the Amended Complaint, Defendants admit that since January, 2007, no African American officer has been given a detail position, but deny the remaining allegations of the paragraph.

137.   As to the allegations of paragraph 137 of the Amended Complaint, Defendants admit that the promotional testing process has changed somewhat under Chief Dolan, but deny the remaining allegations of the paragraph.

138.   Defendants deny the allegations of paragraph 138 of the Amended Complaint.

139.   As to the allegations of paragraph 139 of the Amended Complaint, Defendants are without knowledge or information as to whether or not Plaintiff Hamilton signed up to be an Assessor prior to 2003, admit that he was an Assessor in 2003 and deny the remaining allegations of the paragraph.

140.   Defendants deny the allegations of paragraph 140 of the Amended Complaint.

141.   Defendants deny the allegations of paragraph 141 of the Amended Complaint.

142.   As to the allegations of paragraph 142 of the Amended Complaint, Defendants admit that Plaintiff Hamilton was involved in a domestic assault incident

which ultimately resulted in a last chance agreement to return to work, Defendants deny the remaining allegations of the paragraph.

143.   Defendants deny the allegations of paragraph 143 of the Amended Complaint.

144.   Defendants deny the allegations of paragraph 144 of the Amended Complaint.

145.   As to the allegations of paragraph 145 of the Amended Complaint, Defendants admit that Plaintiff Hamilton and other African American officers met with Michael Jordan about concerns about discrimination in the Police Department, but deny the remaining allegations of the paragraph.

146.   Defendants deny the allegations of paragraph 146 of the Amended Complaint.

147.   As to the allegations of paragraph 147 of the Amended Complaint, Defendants admit that Plaintiff Edwards first became employed by Defendant City of Minneapolis as a sworn police officer in 1989, but deny the remaining allegations of the paragraph.

148.   Defendants deny the allegations of paragraph 148 of the Amended Complaint.

149.   As to the allegations of paragraph 149 of the Amended Complaint, Defendants admit that other people have received promotions and appointments during Plaintiff Edwards' career, but deny that Defendants have discriminated against Plaintiff in this regard.

150.    As to the allegations of paragraph 150 of the Amended Complaint, Defendants admit that Plaintiff Edwards was removed from his position as Inspector of the 4th Precinct, but deny the remaining allegations of the paragraph.

151.    Defendants deny the allegations of paragraph 151 of the Amended Complaint.

152.    As to the allegations of paragraph 152 of the Amended Complaint, Defendants admit that Plaintiff Edwards is now a Lieutenant working with 1st Precinct Property Crimes Unit, but deny the remaining allegations of the paragraph.

153.    Defendants deny the allegations of paragraph 153 of the Amended Complaint.

154.    Defendants deny the allegations of paragraph 154 of the Amended Complaint.

155.    As to the allegations of paragraph 155 of the Amended Complaint, Defendants admit that Plaintiff Edwards and other African American officers met with Michael Jordan about concerns about discrimination in the Police Department, but deny the remaining allegations of the paragraph.

156.    Defendants deny the allegations of paragraph 156 of the Amended Complaint.

157.    Defendants deny the allegations of paragraph 157 of the Amended Complaint.

158.    Defendants deny the allegations of paragraph 158 of the Amended Complaint.

159.    As to the allegations of paragraph 159 of the Amended Complaint, Defendants admit that Chief Dolan continues in his capacity as Chief but deny the remaining allegations of the paragraph.

160.    Defendants deny the allegations of paragraph 160 of the Amended Complaint.

161.    Defendants deny the allegations of paragraph 161 of the Amended Complaint.

162.    As to the allegations of paragraph 162 of the Amended Complaint, Defendants re-state their foregoing answers to the respective paragraphs.

163.    Defendants admit the allegations of paragraph 164 of the Amended Complaint.

164.    As to the allegations of paragraph 164 of the Amended Complaint, Defendants admit that with regard to his actions directed toward individual Plaintiffs, Defendant Dolan acted under color of law, but deny the remaining allegations of the paragraph.

165.    Defendants admit the allegations of paragraph 165 of the Amended Complaint.

166.    As to the allegations of paragraph 166 of the Amended Complaint, Defendants admit that Plaintiffs are employees of Defendant City of Minneapolis and therefore enjoy the rights and privileges and conditions of employment based in the law.

167.    Defendants deny the allegations of paragraph 167 of the Amended Complaint.

168. Defendants deny the allegations of paragraph 168 of the Amended Complaint.

169. Defendants deny the allegations of paragraph 169 of the Amended Complaint.

170. Defendants deny the allegations of paragraph 170 of the Amended Complaint.

171. As to the allegations of paragraph 171 of the Amended Complaint, Defendants re-state their foregoing answers to the respective paragraphs.

172. Defendants deny the allegations of paragraph 172 of the Amended Complaint.

173. Defendants deny the allegations of paragraph 173 of the Amended Complaint.

174. Defendants deny the allegations of paragraph 174 of the Amended Complaint.

175. Defendants deny the allegations of paragraph 175 of the Amended Complaint.

176. As to the allegations of paragraph 176 of the Amended Complaint, Defendants re-state their foregoing answers to the respective paragraphs.

177. Defendants deny the allegations of paragraph 177 of the Amended Complaint.

178. Defendants deny the allegations of paragraph 178 of the Amended Complaint.

179.    Defendants deny the allegations of paragraph 179 of the Amended Complaint.

180.    Defendants deny the allegations of paragraph 180 of the Amended Complaint.

181.    Defendants admit the allegations of paragraph 181 of the Amended Complaint.

182.    Defendants deny the allegations of paragraph 182 of the Amended Complaint.

183.    Defendants deny the allegations of paragraph 183 of the Amended Complaint.

184.    As to the allegations of paragraph 184 of the Amended Complaint, Defendants re-state their foregoing answers to the respective paragraphs.

185.    Defendants deny the allegations of paragraph 185 of the Amended Complaint.

186.    Defendants deny the allegations of paragraph 186 of the Amended Complaint.

187.    Defendants deny the allegations of paragraph 187 of the Amended Complaint.

188.    Defendants deny the allegations of paragraph 188 of the Amended Complaint.

189.    As to the allegations of paragraph 189 of the Amended Complaint, Defendants re-state their foregoing answers to the respective paragraphs.

190.    Defendants deny the allegations of paragraph 190 of the Amended Complaint.

191.    Defendants deny the allegations of paragraph 191 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    The Amended Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiffs' claims are barred by the applicable statutes of limitations.

3.    Plaintiffs' federal claims are barred by the doctrine of qualified immunity.

4.    Plaintiffs' state law claims are barred by the doctrine of official immunity.

5.    As more fully set forth in Defendants Rule 12(f) Motion filed in this case, some of the allegations in the Amended Complaint are immaterial and impertinent.

6.    Plaintiffs' state law claims are barred by statutory immunity.

7.    Plaintiffs lack standing to assert certain claims contained in the Amended Complaint.

8.    The Court lacks jurisdiction of any purported claim under Title VII.

9.  Plaintiffs have failed to mitigate their damages.

**JURY TRIAL DEMANDED**

Dated: February 11, 2008

JAY M. HEFFERN
City Attorney
By

s/ James A. Moore
JAMES A. MOORE
Assistant City Attorney
Attorney Reg. No. 16883X
LISA NEEDHAM
Assistant City Attorney
Attorney Reg. No. 0326999
333 South Seventh Street, Suite 300
Minneapolis, MN 55402-2453
(612) 673-2063

*Attorneys for Defendants*

**ACKNOWLEDGMENT**

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to the opposing party or parties pursuant to Minn. Stat. § 549.211.

Dated:  February 11, 2008

s/ James A. Moore
Assistant City Attorney